COMMON COUNCIL OF THE CITY OF ENGLEWOOD, APPELLANT, v. JOSEPH LACQUA, T/A ENGLEWOOD COUNTRY CLUB AND DIVISION OF ALCOHOLIC BEVERAGE CONTROL, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued October 31, 1966—Decided November 10, 1966.

Before Judges CONFORD, FOLEY and LEONARD.

*Mr. William V. Breslin* argued the cause for appellant.

*Mr. Daniel Amster* argued the cause for respondent Joseph Lacqua.

*Mr. Max Spinrad,* Deputy Attorney General, argued the cause for respondent Division of Alcoholic Beverage Control (*Mr. Arthur J. Sills,* Attorney General, attorney).

PER CURIAM. The municipality appeals from an order of the Director of the Division of Alcoholic Beverage Control disapproving special conditions imposed in a plenary retail consumption license which the municipality issued to respondent.

The Director's order was based upon his adoption of the findings of the hearing officer of the Division following the hearing of respondent's appeal from the imposition of the conditions in question.

Two questions were considered on that appeal: (1) did the municipality exceed its authority in imposing special conditions which in effect converted a "C" license, *N. J. S. A.* 33:1–12(1) into a club license, *N. J. S. A.* 33:1–12(5); (2) did the fact that the "C" license, commercial in nature, permitted a business operation in a residential zone, contrary to the provisions of the municipal zoning ordinance, render it invalid?

The hearing officer held that the special conditions imposed effected a curtailment of the statutory privileges of the holder of a "C" license, and thus were nugatory. He held also that the fact that the premises involved were not subject to commercial use in a residential zone did not preclude the issuance of the license, citing *Lubliner v. Bd. of Alcoholic Beverage Control for City of Paterson,* 59 *N. J. Super.* 419 (*App. Div.* 1960), modified and affirmed 33 *N. J.* 428 (1960).

██ We agree with both legal conclusions and find substantial evidence in the record to support them.

██ On the oral argument of this appeal the municipality also contends that in granting the "C" license it was lulled into the belief that the licensee would accept the special conditions imposed, and granted the license on that basis. Consequently, the municipality maintains that the case should be remanded to it for consideration of the application in light of the Division's determination. This point was not raised below and we therefore decline to pass upon its merits. See *Reynolds Offset Co., Inc. v. Summer,* 58 *N. J. Super.* 542, 548 (*App. Div.* 1959).

Affirmed.